# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARY A. BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-389-SPS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The claimant Mary A. Bailey requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and REMANDED to the ALJ for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). *See also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born June 19, 1963, and was forty-seven years old at the time of the most recent administrative hearing, held in 2011 (Tr. 45, 229). She completed the eleventh grade, and has worked as a poultry eviscerator and housekeeping cleaner (Tr. 37, 264). The claimant alleges inability to work since an amended onset date of August 1, 2005, due to an injury to her back, neck, and knees, as well as wrist pain, arthritis, and depression (Tr. 258).

**Procedural History**

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on August 19, 2005. Her applications were denied. ALJ Michael A. Kirkpatrick conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated June 2, 2008 (Tr. 558-565). The Appeals Council denied review, but this Court reversed the decision in Case No. CIV-09-28-SPS, and remanded with instructions for the ALJ to properly assess the claimant's credibility (Tr. 114-119). The claimant filed additional subsequent applications on July 18, 2008, which were denied by ALJ Michael A. Kirkpatrick in a written decision dated March 29, 2010 (Tr. 96-109). The Appeals Council vacated this decision and remanded the case back to the ALJ, with instructions to properly assess the evidence, including lay witness opinions and other source opinions

contained in the record (Tr. 121-123). The Appeals Council then took note of the remand from this Court and consolidated the claim files with instructions to the ALJ to issue a new decision. Accordingly, ALJ Kirkpatrick held yet another administrative hearing and again determined that the claimant was not disabled in a written decision dated August 23, 2011 (Tr. 22-39). The claimant timely appealed and four years later (following prompting from the claimant's representative), the Appeals Council denied review (Tr. 1-4, 8-9), so ALJ Kirkpatrick's 2011 written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) 416.967(a), *i. e.*, she can lift/carry ten pounds occasionally and less than ten pounds frequently, stand/walk at least two hours of an eight-hour workday, sit for at least six hours in an eight-hour workday, but she could only occasionally climb, balance, kneel, crouch, stoop, and crawl. Additionally, he found she could perform simple, routine, unskilled tasks (but not detailed or complex tasks) that do not require interaction with the general public. The ALJ described this RFC as the ability to perform a wide range of unskilled, sedentary work (Tr. 28). The ALJ then concluded although she could not return to her past relevant work, she was nevertheless not disabled because there was work she could perform in the national and regional economies, *e. g.*, press clippings cutter-paster, table worker, stem mounter, and lens inserter (Tr. 37-38).

**Review**

The claimant's sole argument on appeal is that the ALJ failed to properly evaluate the medical evidence in the record, particularly the evidence related to her mental impairments. The Court agrees, and the decision of the Commissioner must be reversed and the case remanded for further proceedings.

The ALJ determined that the claimant had the severe impairments of obesity and major depressive disorder, as well as the nonsevere impairments of diabetes, headaches, hypertension, emphysema, clinical hypothyroidism, and the medically nondeterminable impairments of osteoarthritis and degenerative disc disease (Tr. 24-26). The medical evidence related to the claimant's mental impairments reveals that the claimant's treating physician noted grieving and anxiety back in 2004 (Tr. 421).

On August 21, 2008, licensed clinical social worker Dorothy Brown of the Counseling Center of S.E. Oklahoma prepared a letter regarding the claimant, stating that issues addressed in her treatment included mood lability, coping skills, anger, depression, and anxiety (Tr. 434). The claimant's Axis I diagnosis was MDD, recurrent, mild, and she was assessed a current global assessment of functioning (GAF) score of 50 (Tr. 434).

On October 14, 2008, Theresa Horton, Ph.D., conducted a mental status examination of the claimant. Dr. Horton likewise diagnosed the claimant with major depressive disorder, noting it was recurrent and severe (Tr. 448). Dr. Horton's prognosis was that the claimant appeared "terribly sleepy," which was likely a side effect of her medication, and that she appeared capable of understanding, remembering, and managing simple instructions and tasks, and was otherwise socially and emotionally capable of

adjusting into occupational and social settings. Dr. Horton noted, however, that the claimant had a slowed pace, which would affect her productivity, and that the mental assessment did not account for her additional physical complaints (Tr. 448).

State reviewing physician Burnard Pearce, Ph.D., reviewed the claimant's record and agreed with her Axis I diagnosis of MDD, recurrent, severe (Tr. 460). He further noted Dr. Horton's prognosis and summarized her report, although he left out Dr. Horton's concerns regarding the claimant's pace (Tr. 469). He then prepared a mental RFC assessment, indicating she was markedly limited in the ability to understand and remember detailed instructions, carry out detailed instructions, and interact appropriately with the general public, further opining that she could understand and follow through with simple work instructions only, could adapt to a work environment, could superficially relate to co-workers and supervisors, and should avoid dealing with the general public (Tr. 471-473). He checked no boxes regarding the claimant's pace, and made no related comments in the functional capacity assessment.

In July 2009, the claimant reported an increase of suicidal thoughts without plans (Tr. 493). On August 25, 2009, Dorothy Brown prepared another letter, indicating the claimant's diagnosis of MDD, recurrent, mild, and again stated she had made limited progress (Tr. 502). On February 1, 2010, Laura Turner, a licensed clinical social worker at Kiamichi Family Medical Center noted that the claimant had received individual psychotherapy with her and medical encounters with Tammy Tapley Jones, PA-C. Ms. Turner noted that the claimant's Axis I diagnosis continued to be MDD, recurrent, severe with psychiatric features (Tr. 486). She then responded to a number of questions

regarding the claimant, stating, *inter alia*, that she verbalized delusional ideations, isolated herself, and was preoccupied with despair/ideations and fears; that her thoughts appeared logical but she admitted to delusional thought content; that her cognitive functioning/thought content seemed limited and distorted; that her daily activities consisted of excessive isolation; and that she can carry out simple and complex instructions, but could pose a risk during brief psychotic episodes (Tr. 487). She indicated that the claimant had limited capacity to respond effectively with work pressures due to cognitive functioning and mood disorder, that her problem solving was limited and distorted, and that thought content and behaviors often impair her social and occupational functioning (Tr. 487).

In his written opinion the ALJ thoroughly summarized the claimant's hearing testimony and the medical evidence. As to the claimant's mental impairments, the ALJ summarized the claimant's medical treatment, as well as the reports from Dr. Horton and Ms. Turner and Ms. Tapley Jones (Tr. 31-34). Specifically, he restated Dr. Horton's comment regarding how her slowed pace would affect her productivity (Tr. 32). He provided no evaluation of Dr. Horton's opinion, and gave the MSS submitted by Ms. Turner and Ms. Tapley Jones "little weight." He reasoned that their MSS was not consistent with the medical evidence because the record does not reflect or mention psychotic symptoms, and because she did not exhibit delusions for Dr. Horton (Tr. 33). He further noted that she had recently not made many psychiatric complaints (Tr. 33). He then discussed the state reviewing physician opinions (both physical and mental) and stated that they "may very well be correct" but that the claimant was "somewhat more

limited in her [RFC]" without specifying the differences and whether they were physical or mental (Tr. 34).

"An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004), *citing Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995). The pertinent factors include: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300-1301 (10th Cir. 2003), *citing Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001).

Furthermore, Social Security regulations provide for the proper consideration of "other source" opinions such as that provided by Ms. Turner and Ms. Tapley Jones herein. *See, e. g., Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (noting that other source opinions should be evaluated with the relevant evidence "on key issues such as impairment severity and functional effects" under the factors in 20 C.F.R. §§ 404.1527, 416.927), *quoting* Soc. Sec. Rul. 06-03p, 2006 WL 2329939 at *1 (Aug. 9,

2006). *See also* Soc. Sec. Rul. 06-03p, 2006 WL 2329939 at *6 ("[T]he adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."). The factors for evaluating opinion evidence from "other sources" include: (i) the length of the relationship and frequency of contact; (ii) whether the opinion is consistent with other evidence; (iii) the extent the source provides relevant supporting evidence; (iv) how well the source's opinion is explained; (v) whether claimant's impairment is related to a source's specialty or area of expertise; and (vi) any other supporting or refuting factors. *See* Soc. Sec. Rul. 06-03p at *4-5; 20 C.F.R. §§ 404.1527(d), 416.927(d).

Here, the ALJ did not apply any sort of analysis to Dr. Horton's assessment. This was compounded by his failure to apply the relevant factors to the MSS submitted by Ms. Turner and Ms. Tapley Jones. They had a treatment relationship with the claimant, which the ALJ disregarded because the claimant had not exhibited delusions for Dr. Horton's one-time exam. Rather, the ALJ seemed to rely on the opinion from Dr. Pearce, which omitted Dr. Horton's concerns regarding the claimant's pace and pre-dated the MSS from Ms. Turner and Ms. Tapley Jones. *See, e. g., Clifton*, 79 F.3d at 1010 ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-1395 (9th Cir. 1984). *See also Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)

("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."), *citing Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) and *Hamlin*, 365 F.3d at 1219 (10th Cir. 2004).

Because the ALJ failed to properly analyze evidence of record as to the claimant's mental limitations, the Commissioner's decision must be reversed and the case remanded for further analysis by the ALJ. If such analysis results in adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

The Court acknowledges that this case has been pending for eleven years, including the four years it sat unaddressed before the Appeals Council, and nevertheless "declines to remand with an award instruction on this occasion but reserves the right to do so in any future appeal should the Commissioner fail in the execution of her obligation under the law as blatantly as was done in this latest decision." *Wilkerson v. Colvin*, 2014 WL 1217768, at *4 (E.D. Okla. Feb. 28, 2014). *But see Wilkerson v. Colvin*, 2016 WL 4530625, at *2 ("Here, the Social Security Administration has been given numerous opportunities to properly evaluate the same issue . . . This has taken ten years. . . . Under these circumstances, the undersigned Magistrate Judge finds that additional fact finding would only serve the purpose of delay of the receipt of benefits, and that a ten-year delay involving three appeals to this Court was sufficient time to allow the Social Security Administration to properly adjudicate the Plaintiff's disability application."), *affirmed*

*and adopted by Wilkerson v. Colvin*, 2016 WL 4532119 (E. D. Okla. Aug. 29, 2016) (slip op.).

## Conclusion

The Court hereby FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The decision of the Commissioner is accordingly REVERSED and the case is REMANDED for further proceedings consistent herewith.

**DATED** this 28th day of September, 2016.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**